NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDRES PABLO-PABLO, | No. 17-73503 |
| Petitioner, | Agency No. A200-149-980 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2018**

Before:    WALLACE, SILVERMAN, and McKEOWN, Circuit Judges.

Andres Pablo-Pablo, a native and citizen of Guatemala, petitions for review

of the Board of Immigration Appeals' order affirming an immigration judge's

decision denying his application for asylum, withholding of removal, and relief

under the Convention against Torture ("CAT").  We have jurisdiction under

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

In his opening brief, Pablo-Pablo fails to challenge the agency's denial of cancellation of removal and he also fails to challenge the agency's determination that his proposed social group of wealthy returnees was not cognizable. *See Corro-Barragan v. Holder*, 718 F.3d 1174, 1177 n.5 (9th Cir. 2013) (failure to contest issue in opening brief resulted in waiver).

The agency did not err in finding that Pablo-Pablo failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). Substantial evidence supports the agency's

17-73503

determination that Pablo-Pablo otherwise failed to establish that any harm he experienced or fears in Guatemala was or would be on account of a protected ground. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (rejecting petitioner's claim where he "provided no evidence that his opposition to the gang's criminal activity was based on political opinion"), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). Thus, Pablo-Pablo's asylum and withholding of removal claims fail.

Finally, substantial evidence also supports the agency's denial of Pablo-Pablo's CAT claim because he did not demonstrate it is more likely than not that he would be tortured by or with the consent or acquiescence of the government of Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED.**